bar when he fired upon the deceased intended not to kill him, but only to do him some great bodily harm, if his act was unlawful and was done with malice aforethought, as it has been explained to you, still he is guilty of murder. A recent act of congress declares that in all criminal causes the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment. Section 9, Act June 1, 1871 (17 Stat. 198). We instruct you that the crime of manslaughter is included in the crime of willful murder, with which the prisoner is charged in the indictment. So that if after a careful investigation, you should conclude that the prisoner is not guilty of willful-murder, you may still find him guilty of manslaughter. "Manslaughter is defined to be the unlawful killing of another without malice, express or implied, which may be either voluntarily upon a sudden heat, or involuntarily, but in the commission of some unlawful act." 4 Bl. Comm. 191. • If you shall be of opinion that the killing of the deceased was unlawful, you must decide whether the offense of the prisoner is murder or manslaughter.

It is not claimed in this case that the firing of the prisoner's musket was done involuntarily while the prisoner was in the commission of an unlawful act. So that if the prisoner is guilty of manslaughter at all, it must be because he is guilty of a killing voluntarily upon a sudden heat. No words applied by one man to another will justify the use of a deadly weapon, nor can they be the lawful occasion of that "heat" which would reduce the act of killing from murder to manslaughter. If a man returns provoking language by a blow from an instrument calculated to produce death, and death follows, the act will be murder. State v. Merrill, 2 Dev. 269; 1 Bish. Cr. Law, §§ 872, 873. If you find the killing of the deceased was unlawful, but without malice, as we have defined malice, if it was done upon a sudden heat, not caused by the words merely of the deceased, but by an assault, then the prisoner is guilty of manslaughter and not of murder, and such should be your verdict. Before you can find the prisoner guilty of either murder or manslaughter, you must be satisfied beyond reasonable doubt, that every ingredient necessary to the offense has been established by the proof. A reasonable doubt is not a remote and far fetched or fanciful doubt. It must be suggested by the evidence in the case, and of such strength as would influence a reasonable man in the conduct of his own affairs.

If you are satisfied beyond any reasonable doubt of the guilt of the prisoner of either murder or manslaughter, you will return a verdict of guilty accordingly. If on the other hand you are convinced of the prisoner's innocence, or have reasonable doubt of his guilt, it will be your pleasant duty to say, "Not guilty." In your retirement, remember the great magnitude of this case to the public and the prisoner; bring your best ability to bear upon the investigation, and acquit yourselves of your solemn duty like good and lawful men.

## Case No. 14,733.

### UNITED STATES v. CARRICO.

[2 Cranch, C. C. 110.] [1]

Circuit Court, District of Columbia. June Term, 1815.

EVIDENCE—CONTENTS OF PAPERS—NOTICE TO PRODUCE.

Upon an indictment for selling a free person as a slave, under the Maryland law of 1796. c. 67, parol evidence may be given of the contents of papers delivered by the witness to the defendant, without a previous notice to produce them.

The witness stated that he delivered to the defendant [James Carrico] the papers which he had received with the woman who was sold, which papers showed that she was bound to serve only three years and nine months.

Mr. Key and Mr. Van Horne, for defendant, objected to parol evidence of the contents of the papers without previous notice to the defendant to produce them; and cited Peake, Ev. 110, 111. Am. note, which refers to Com. v. Messinger, 1 Bin. 273; State v. Orsborn, 1 Root, 152; and State v. Blodget, Id. 534.

THE COURT (MORSELL, Circuit Judge, not sitting, having been of counsel for the defendant) overruled the objection. Quære?

A special verdict was found, upon which judgment was arrested.

## Case No. 14,734.

### UNITED STATES v. CARRICO.

[5 Cranch, C. C. 112.] [1]

Circuit Court, District of Columbia. March Term, 1837.

WITNESS—COMPETENCY—WAGER UPON RESULT OF TRIAL.

1. A witness cannot be rejected in consequence of having been provoked to bet upon the event of the trial.

2. A wager upon the event of the trial is void in law.

Indictment [against Lucretia Carrico] for assaulting and beating a Mrs. Collard. Mary Hutchinson, a witness for the United States, upon cross-examination, admitted that one James C Deneale, who had irritated the witness, and by whose advice the defendant had cowhided Mrs. Collard, told the witness, before the trial, that he would bet her five dollars that Mrs. Collard would be cast; and the witness agreed to the wager.

W. L. Brent, for defendant, objected, and contended that the testimony which the witness had given should be rejected.

THE COURT said, that the wager was void in law, and that the witness, not being, in

1 [Reported by Hon. William Cranch, Chief Judge.]